**Richard Edward STIRLING, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

No. 5:95–CV–858–BO.

United States District Court,
E.D. North Carolina,
Western Division.

Aug. 18, 1997.

Richard Edward Stirling, Raleigh, NC, pro se.

R.A. Renfer, Jr., Asst. U.S. Attorney, Raleigh, NC, Thomas Holderness, Trial Attorney, Tax Division, Washington, DC, for Commissioner of Internal Revenue, defendant.

### ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's Motion is granted.

Plaintiff, who is *pro se*, claims that the Internal Revenue Service (hereinafter "IRS") conducted an impermissible second audit, illegally searched and seized his records, and misrepresented and concealed facts in order to induce Plaintiff to sign an assessment agreement, and has failed to release a lien.

A taxpayer may sue the IRS in two situations: (1) where an IRS employee has recklessly or intentionally violated the Internal Revenue Code or Regulation while engaged in the collection of Federal tax; and (2) where an IRS employee knowingly or negligently fails to release a lien. 26 U.S.C. § 7432; 26 U.S.C. § 7432. The statute of limitations for a suit against the IRS is two years. 26 U .S.C. § 7432(d)(3); 26 U.S.C. § 7433(d)(3). The statute begins to run "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433–1(g)(2).

Plaintiff's claims that the IRS conducted an impermissible second audit and illegally searched and seized his records are barred by the statute of limitations. Plaintiff admits that on November 21, 1987 he was aware of the IRS's alleged impermissible second audit. (Plaintiff's Response to Interrogatories No. 4.) Plaintiff admits that on December 1, 1987 he was aware of the alleged illegal search and seizure of his records. (Plaintiff's Response to Interrogatory No. 5.) Since Plaintiff waited until October 5, 1995 to file suit, the statute of limitations has long since run on these claims.

Plaintiff's claim that the IRS used misrepresentations to induced him to sign an assessment agreement do not give rise to a cause of action under 26 U.S.C. § 7433. *See Shaw v. United States*, 20 F.3d 182 (5th Cir.), *cert. denied*, 513 U.S. 1041, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994) (An action under § 7433 may only be based on reckless or intentional wrongs committed during the collection of a tax, not on wrongs committed while determining the amount of tax owed.) If the IRS did in fact misrepresent facts during the negotiation of the assessment agreement,

Plaintiff's only remedy is to reopen the assessment agreement. *See* 26 U.S.C § 7121.

 Lastly, Plaintiff alleges that the IRS has failed to release a lien and is thereby entitled to damages under 26 U.S.C. § 7432. The IRS is only bound to release a lien when the underlying liability has been satisfied or has become legally unenforceable. 26 U.S.C. § 6325(a)(1). Neither of these conditions precedent have occurred; pursuant to 26 U.S.C. § 6502 the lien is legally enforceable until 1999 and Plaintiff admits that the underlying liability is unsatisfied. (Plaintiff's Response to Interrogatory No. 9.)

Viewing the allegations in the light most favorable to Plaintiff, it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Plaintiff's claims are either time barred or invalid as a matter of law. According, Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED.